[Crim. No. 1891.   Fourth Dist.   Sept. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. OLLIE D. BEACHEM, Defendant and Appellant.

Ollie D. Beachem, in pro. per., Edgar G. Langford, under appointment by the District Court of Appeal, and J. Perry Langford for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant was charged with possession of heroin in violation of Health & Safety Code, section 11500, and with two prior convictions which were admitted. Defendant was tried and found guilty by the court, and sentenced to prison for the time prescribed by law.

At approximately 6:45 p.m. on October 11, 1962, San Diego Police Officer Myrann was in a parked police car and saw defendant approach the door of his apartment. As Myrann was getting out of the car, defendant glanced in his direction and broke into a run. He ran down an alley or walkway area between two buildings and vanished from Officer Myrann's sight. Officer Sufficool, who was riding in a second police car, saw defendant in a laundromat making a telephone call at approximately 7 p.m. Sufficool circled the block, and observed defendant running, first toward the police car, but when he appeared to see it, he changed direction. Sufficool apprehended defendant and after making a cursory examination of his arms, returned him to the place where Officer Myrann was waiting. A more thorough examination revealed approximately six fresh needle marks on defendant's arms. The pupils of his eyes were contracted and showed little reaction to light. Defendant first denied the use of narcotics, and then admitted having his last "fix" about a day and a half before. The officers retraced the path of defendant's flight and found a bindle of heroin, clean and untrampled, in the alley or walkway down which defendant had run. The officers searched defendant's apartment and found writing paper which appeared similar to that in which the bindle was wrapped.

Defendant testified in his own behalf that he had not run down the alley or walkway, and in fact, could not run because of an injury sustained several days before when he fell on his knife, an injury requiring 36 stitches. Defendant disclaimed any knowledge of the bindle or the writing paper, and denied any recent use of narcotics.

Defendant admits that the evidence, which is primarily circumstantial, suggests his guilt. He argues, however, that it does not exclude other reasonable possibilities. He contends that the trial court denied him the presumption of innocence accorded by Penal Code, section 1096, and therefore denied

him due process of the law in violation of both the California and United States Constitutions. After stating that the rule is well settled in California that a conviction in a criminal case will be affirmed if there is any substantial evidence to support it, he asks that this court abandon this rule. ▮ In *People* v. *Robillard,* 55 Cal.2d 88, 93 [10 Cal.Rptr. 167, 358 P.2d 295], the court said:

"It is the trier of fact, not the appellate court, that must be convinced of a defendant's guilt beyond a reasonable doubt. ▮ If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment. [Citations.]"

In *People* v. *Kemp,* 55 Cal.2d 458, 471 [11 Cal.Rptr. 361, 359 P.2d 913], the court rejected the suggestion that it reweigh the evidence saying,

"Even if this court were of the opinion that the evidence produced by the appellant was reconcilable with innocence, if the jury, on conflicting evidence, has found to the contrary, the reviewing court is powerless to interfere. [Citations.]"

▮ In *People* v. *Johnson,* 187 Cal.App.2d 116, 123 [9 Cal.Rptr. 571], appellant complained that the only evidence of entry in a burglary case was circumstantial, which presented several reasonable theories other than the defendant's guilt. The court said, "We are guided by the rule of *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778], that before the judgment may be set aside, it must appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the trial court." This court is neither disposed nor able to depart from these well-established principles of appellate review.

Judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1963.